NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : Criminal No. 96-114-03 (RBK) <br> v. : <br> : **OPINION** <br> FRANKIE GONZALEZ, : <br> : <br> Defendant. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion for Clarification (Doc. No. 621) filed by Defendant Frankie Gonzalez on July 18, 2013, and the Motion for Modification of Sentence (Doc. No. 640) filed by Defendant on August 7, 2015. For the reasons set forth below, the Motion for Clarification is **DISMISSED** and the Motion for Modification of Sentence is **DENIED**.

I.  BACKGROUND

Following a jury trial in October and November 1996, Defendant was convicted of conspiracy under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), and conspiracy to distribute heroin, under 21 U.S.C. § 846. (Doc. No. 288). In March 1997, Judge Trump Barry sentenced Defendant to life imprisonment. On appeal, the Third Circuit affirmed Defendant's conviction and sentence, and the Supreme Court denied certiorari. *United States v. Gonzalez*, 1998 U.S. App. LEXIS 38897 (3d Cir. Mar. 12, 1998).

In 1999, Defendant filed a petition pursuant to 28 U.S.C. § 2255, which Judge Bissell dismissed as untimely; the Third Circuit denied a certificate of appealability in August 2001. *Gonzalez v. USA*, No. 99-5800 (D.N.J.) (Doc. Nos. 9, 10, 19). In 2008, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c); Judge Greenaway denied Defendant's motion, Judge Debevoise denied Defendant's motion for reconsideration, and the Third Circuit affirmed. *United States v. Gonzalez*, 401 F. App'x 727 (3d Cir. 2010).

On July 18, 2013, Defendant filed the instant Motion for Clarification, and on August 7, 2015, he filed the instant Motion for Modification of Sentence. Subsequently, Defendant filed a petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, which Judge Mariani dismissed in May 2017. *Gonzalez v. Baltazar*, No. 17-759, 2017 WL 2175804 (M.D. Pa. May 17, 2017). Defendant then filed another Section 2255 petition in the District of New Jersey, which Judge Simandle denied in November 2018. *Gonzalez v. Baltazar*, No. 17-4238, 2018 WL 6303826 (D.N.J. Nov. 28, 2018).

## II. DISCUSSION

### A. Motion for Clarification

Defendant's Motion for Clarification seeks to have this Court clarify whether it had subject matter jurisdiction to convict him of the crime of RICO conspiracy even though the Third Superseding Indictment did not properly allege two or more acts of racketeering activity. (Doc. No. 621 at 2–3). While Defendant stresses that he "is not seeking to have [the Court] correct his sentence or to vacate his conviction," Defendant also asks the Court to "exercise its inherent authority to grant any other relief." (*Id.* at 5).

The Government urges the Court to construe Defendant's Motion as an unauthorized successive Section 2255 petition. (Doc. No. 681 at 5). The Court will do so. Defendant's attack on

the Court's jurisdiction to impose his sentence is plainly covered by Section 225(a), and his efforts to disclaim the relief provided by that section are unavailing. *See United States v. Patton*, 619 F. App'x 43, 45 n.1 (3d Cir. 2015) (noting that if a post-conviction motion "attacks the underlying conviction or sentence, the motion should be construed as a § 2255 motion"); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Under Section 2255(h) and 28 U.S.C. § 2244(b)(3), a petitioner must obtain authorization from the court of appeals prior to filing a second or successive 2255 petition. Because Defendant had previously filed a Section 2255 petition, he needed authorization from the court of appeals prior to filing his Motion for Clarification. As Defendant did not obtain such authorization, his Motion for Clarification will be dismissed.

### B. Motion for Sentence Reduction

Defendant seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782.[1] (Doc. No. 640). "Section 3582(c) allows for a reduction if : (1) the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Spruill*, 774 F. App'x 92, 93 (3d Cir. 2019) (quoting 18 U.S.C. § 3582(c)(2)). The Court's inquiry proceeds in two steps: first, the Court "determines the defendant's eligibility under U.S.S.G. § 1B1.10," and second the Court "determines whether to grant a reduction, in its discretion, based upon consideration of the 18 U.S.C. § 3553(a) factors." *United States v Forbes*, 664 F. App'x 184, 186 (3d Cir. 2016).

---

[1] Defendant requests the appointment of counsel to represent him in connection with his Section 3582(c)(2) motion. (Doc. No. 640 at 3). However, "a defendant is not entitled to be represented by counsel in a § 3582(c)(2) motion." *United States v. Hart*, 331 F. App'x 972, 973 (3d Cir. 2009) (citing *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009)). While the Court has discretion to appoint counsel even if it is not obligated to do so, it will not exercise its discretion because Defendant is plainly not entitled to relief under Section 3582(c)(2). *See United States v. Curry*, 488 F. App'x 616, 617 n.4 (3d Cir. 2012) (noting that because the defendant was "as a statutory matter, not entitled to relief under § 3582(c)(2), the District Court would not have abused its discretion by declining to appoint counsel").

Amendment 782 reduced the penalties for most drug offenses by lowering the offense levels set forth at U.S.S.G. § 2D1.1 by two levels and making related adjustments. However, under Section 1B1.1(a)(2)(B), a court is not authorized to apply Amendment 782 to reduce a defendant's sentence pursuant to Section 3582(c)(2) if such application "does not have the effect of lowering the defendant's applicable guideline range." In turn, the "applicable guideline range" is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n. 1(A).

At sentencing, Defendant's total offense level was calculated at 45, and he was placed in criminal history category III. (PSR at ¶ 99–134). This offense level was driven primarily by Defendant's RICO violation related to murder, which by itself yielded an offense level of 43. (*Id.* at ¶ 43). The guideline range of imprisonment for an offense level of 43 with criminal history category III is life. U.S.S.G. Chapter 5, Part A. Because application of Amendment 782 would do nothing to alter Defendant's offense level for the RICO violation related to murder, such application cannot lower Defendant's guideline range. Thus, the Court lacks authorization to reduce Defendant's sentence pursuant to Section 3582(c)(2).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Clarification (Doc. No. 621) is **DISMISSED** and his Motion for Sentence Modification (Doc. No. 640) is **DENIED**. An Order follows.

Dated: 7/30/2020                                         /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge