IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| v. | : Crim. No. 96-114-3 (RBK) |
|  | : **ORDER** |
| FRANKIE GONZALEZ, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon Defendant Frankie Gonzalez's Motion Requesting Production of Discovery (the "Motion" or "Mot.") (ECF No. 703); and

**THE COURT NOTING** that Gonzalez proffers four possible bases for relief: Federal Rule of Criminal Procedure 16, this Court's inherent supervisory authority, *Brady v. Maryland*, 373 U.S. 83 (1963), and the American Bar Association's Model Rules of Professional Conduct (MRPC) Rule 3.8(d). (Mot. at 1–2); and

**THE COURT FURTHER NOTING** that Rule 16 governs pre-trial discovery—not post-trial discovery. *United States v. Nobles*, 422 U.S. 225, 235 (1975). A jury convicted Gonzalez way back in 1996. (*See* ECF No. 189–288). As such, we are clearly not in a pre-trial posture, and Rule 16 is inapplicable and has no power here; and

**THE COURT FURTHER NOTING** that, since we are post-trial, and because this Motion effectively challenges Gonzalez's conviction and sentence, 28 U.S.C. § 2255 remains his exclusive remedy to do so. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972). Only if

1

Gonzalez proved that § 2255 was an "inadequate or ineffective" vehicle for his claims could he pursue an alternate route. 28 U.S.C. § 2255(e). He has failed to prove that; and

**THE COURT FURTHER NOTING** that *Brady* claims, as collateral attacks on convictions, are cognizable under § 2255. *See United States v. Fuller*, 421 F. App'x 642, 645 (7th Cir. 2011). As such, since § 2255 is Gonzalez's exclusive remedy, this Court cannot consider Gonzalez's *Brady* claim in this form; and

**THE COURT FURTHER NOTING** that it will not treat this Motion as Gonzalez's fourth § 2255 motion because it would be "second or successive" as it has not been authorized by § 2255(h) or § 2244(b)(3); and

**THE COURT FURTHER NOTING** that, although courts possess an inherent supervisory authority to order discovery pretrial, using such powers post-trial would effectively circumvent the § 2255 exclusivity requirement. *See Nobles*, 422 U.S. at 231; *United States v. Gutierrez*, 645 F. App'x 607, 607–608 (10th Cir. 2016). This Court declines to obviate § 2255's exclusivity by exercising any inherent supervisory authority here; and

**THE COURT FURTHER NOTING** that the MRPC conveys no rights to criminal defendants. Gonzalez, therefore, cannot invoke rules merely designed to guide attorneys' behavior to justify his claims here; and

**IT IS HEREBY ORDERED** that the Court **DENIES** Gonzalez's Motion (ECF No. 703).

Dated: February 28, 2023                                   /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge